554

[Civ. No. 9460. First Appellate District, Division Two.—January 14, 1935.]

HOWARD E. DUNN, Respondent, v. CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Appellants.

Joseph T. Curley for Respondent.

NOURSE, P. J.—Plaintiff was appointed to the position of assistant keeper in the office of the sheriff, a civil service position, in August, 1928. On October 16, 1932, the position of head keeper became vacant and plaintiff was ''appointed and assigned'' by the sheriff to fulfill the duties of this posi-

tion until a permanent appointment could be made from the civil service list. As assistant keeper plaintiff received a salary of $160 per month; the head keeper received $200. When plaintiff was assigned to the latter position he was given the salary of $175, which was the entrance salary set by the salary standardization ordinance which was adopted in 1930 by the Civil Service Commission, but was never approved by the board of supervisors. However, the Civil Service Commission based the salary on the annual salary ordinance which provides that persons appointed to fill vacancies should receive the amount provided for in the standardization ordinance. Thereupon plaintiff commenced this action in declaratory relief and for a writ of mandate. Plaintiff had judgment declaring that he was entitled to a salary of $200 per month so long as he continued to perform the duties of head keeper. The defendants appeal on the ground that the judgment is against the law.

Section 71 of the charter provides that pending the adoption of salary standards as provided in the charter the salary rate shall be recommended by the officer ''having appointing power for such position and fixed by the budget and annual salary ordinance''. Section 73 of the charter gives the board of supervisors the power to enact the annual salary ordinance and states that this ordinance shall serve as a legal basis for check by the Civil Service Commission as to the legality of rates of compensation. The annual salary ordinance for 1932–33 provides that persons appointed to fill vacancies shall receive no more than the entrance salary proposed in the salary standardization ordinance of 1930.

It is conceded that the position of head keeper is a civil service position, and also that when respondent was appointed or assigned to perform the duties of that office, no civil service list of eligibles was available. The respondent alleged and the trial court found that the sheriff ''appointed and assigned the plaintiff to perform the duties of head keeper . . . that . . . the Civil Service Commission gave their consent and approval'' to such appointment and assignment.

When no civil service list of eligibles is available there are but two methods by which a temporary appointment or assignment can be made to fill a civil service position. Sec-

tion 141 of the charter provides in part: "No person shall hold a position outside of the classification to which he has been appointed, provided that every employee of any department or office shall discharge any of the duties pertaining to such department or office to which his chief may temporarily assign him." Section 149 provides that the Civil Service Commission "may authorize the appointing officer to make an emergency appointment thereto for a period not exceeding sixty days and only until regular appointments under the provisions of this charter can be made". To prevent a long-standing abuse of this power to make "emergency" appointments the same section provides that "No person shall be compensated under any emergency appointment or appointments . . . for a period exceeding ninety days in any fiscal year, . . . "

The respondent contends that his appointment rests in the provisions of section 141; the appellants contend that it comes under section 149. It makes little difference where the authority for the appointment is found. If, as contended by respondent, he was merely "assigned" to perform the duties of head keeper while still retaining his civil service status as an assistant keeper, it is manifest that he is entitled to the compensation attached to the position in which he has been duly classified and appointed. This is a rule which works both ways because under section 141 an officer or employee may be assigned to perform duties attached to a position of a lower grade as well as to one of a higher grade. The explicit provisions of the section against one holding a position "outside of the classification to which he has been appointed" necessarily prohibit the payment of compensation outside the rating of the classification which determines the civil service status.

It is equally manifest that if this appointment was made to meet an emergency under section 149 the respondent has been paid in excess of the limitations found in that section and is not entitled to any further compensation under the judgment.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.